CASE NO. 21-3195

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

WENDY L. PAINTER,

                                              Plaintiff-Appellant,

v.

MIDWEST HEALTH, INC.
And PIONEER RIDGE NURSING
FACILITY OPERATIONS, LLC,

                                              Defendants-Appellees.

_____

On Appeal from the United States District Court
For the District of Kansas

The Honorable Daniel D. Crabtree
United States District Judge
Case No. 2:19-CV-02336-DDC

_____

**APPELLANT'S REPLY BRIEF**
_____

                                              Respectfully Submitted,

                                              Theodore J. Lickteig
                                              Kan. Bar No. 12977
                                              Lickteig Law Firm, LLC
                                              12760 W. 87th Street, Suite 112
                                              Lenexa, Kansas 66215-2878
                                              tjllawoffice@planetkc.com
                                              913-894-1090
                                              *Attorney for Wendy L. Painter*

ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

Argument ……………………………………………………………………. 1

    **I.**    **Reverse Discrimination** ………………………………………… 1

    **II.**    **Retaliation** ……………………………………………………….. 1

    **III.**    **Tortious Interference** ………….………………………………….. 2

    **IV.**    **Blacklisting** ......……………………………………………….. 3

Certificate of Compliance ……………………………………………………… 4

Certificate of Digital Submission …………………………………………….... 4

Certificate of Service …………………………………………………………… 5

i

TABLE OF AUTHORITIES

**Cases**

*Anderson v. United Tel. Co.,* 933 F.2d 1500 (10th Cir. 1991)……………………….. 3

*DePaula v. Easter Seals El Mirador,* 859 F.3d 957 (10th Cir. 2017)……………... 3

*Tolan v. Cotton,* 134 U.S. 1861 (2014)…………………………………………. 2

# ARGUMENT

## I.    Reverse Discrimination.

The Defendant Pioneer Ridge continues to offer conflicting versions of the stated reasons it terminated the Plaintiff. In its response brief, Pioneer Ridge states that Painter was terminated for 1) neglecting a patient's care; and 2) behaving unprofessionally with the son of the patient. Resp. Br. at 8. In conflict with those reasons, Pioneer Ridge's investigation revealed that Painter had committed no neglect and informed the Kansas Department of Health and Environment of that finding. App. Vol. I 30 (Pretrial Order, Fact 9 at 3) The label of unprofessional behavior is so vague and wide-ranging that it is incoherent.

The Plaintiff's stipulation in the pretrial order did not block her from offering evidence of pretext. The Defendant Pioneer Ridge offers no authority to the contrary.

## II.    Retaliation.

The parties differ as to the importance of Painter's continued assignments to the rapid recovery unit on the issue of retaliation. The Defendant Pioneer Ridge maintains that because the assignments were made both before and after Painter's second complaint the assignments after the second complaint could not have been caused by the second complaint. Resp. Br. at 13. The Defendant does not explain how this is a reasonable inference. The District Court expected that the Plaintiff

produce specific dates of her assignments to the rapid recovery unit. In absence of that evidence, the District Court held that no reasonable jury could connect the assignments to the protected activity and, thus, to causation for the termination. The District Court did not explain why specific dates were needed. In reaching that conclusion, the District Court essentially made an inference that a reasonable jury would require specific dates. The District Court did not explain the logic behind that inference. Again, the District Court is barred from making inferences that favor the moving party. *Tolan v. Cotton,* 1234 U.S. 1861, 1867-68 (2014).

### III.   Tortious Interference.

In attempting to defend the District Court's dismissal of this claim, Defendant Pioneer Ridge blurs the distinction between allegations and evidence. Response Br. at 14, 15. It is a fact, not an allegation, that Pioneer Ridge submitted a report to the Kansas Department for Aging and Disability Services of alleged neglect committed by Painter. App. Vol. 1 30 (Pretrial Order, Facts 6 and 8 at 3). It is a fact, not an allegation, that Pioneer Ridge gave KDADS an old address for Painter in its report of alleged abuse. App. Vol. II 35 (Response Br. for MSJ at 21, SOF 136). It is a fact, not an allegation, that KDADS found that Painter had committed abuse and neglect. App. Vol. 1 30 (Pretrial Order, Fact 15 at 3). It is a fact, not an allegation, that a Kansas state District Court Judge later found that the KDADS finding was never a

final order because it was never served on Painter. App. Vol. II 37 (Response Br. for MSJ at 21, SOF ¶ 136, Ex. 44; Memorandum Decision and Order at 7). It is a fact, not an allegation, that Painter was excluded for a period of more than two years from working in a Kansas nursing care facility because she was listed as a Prohibited person by KDADS. (Date of KDADS order was Nov. 24, 2018; date of state District Court order was February 2, 2021).

Pioneer Ridge is seeking to change the summary judgment rules. A District Court cannot not make inferences on its behalf as the moving party. In fact, the District Court is to render any inferences in favor of the non-moving party. *DePaula v. Easter Seals El Mirador,* 859 F.3d 957, 968 (10th Cir. 2017). Here, Painter's theory, as supported by an inference, is that Pioneer Ridge submitted the old address knowing that Painter would never receive any adverse finding from KDADS. That is malice.

## IV. Blacklisting.

The Plaintiff concedes that if this Court simply elects to follow *Anderson v. United Tel. Co.*, 933 F.2d 1500, 1502-03 (10th Cir. 1991) that the District Court's dismissal of this claim must be affirmed.

The Plaintiff has offered a statutory interpretation, a Kansas state District Court Judge's opinion and legislative material to reach a result that would at least distinguish *Anderson*, if not overrule it.

In addition, the Plaintiff has made a motion to certify questions about the Kansas Blacklisting statutes to the Kansas Supreme Court. The Court should grant that motion.

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) in that this brief contains 74 words excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2015 in 14-point Times New Roman.

Dated: April 15, 2022.

*/s/ Theodore J. Lickteig*_____

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with the respect to the foregoing:

1) All required privacy redactions have been made as required by 10th Cir. R. 25.5;

2) The hard copies that will be submitted to the Clerk's Office are exact copies of the ECF filing; and

3) The ECF submissions have been scanned for viruses with the 2019 version of eSet and, according to the software, are free of viruses.

Dated: April 15, 2022.

*/s/ Theodore J. Lickteig*_____

## CERTIFICATE OF SERVICE

I certify that I submitted the above and foregoing for filing with the Clerk's Office on the 15th day of April, 2022 using the Court's CM/ECF system, which will provide notification to the following counsel of record.

Stephen D. Lanterman
slanterman@sloanlawfirm.com
Danielle D. Davey
ddavey@sloanlawfirm.com
Sloan, Eisenbarth, Glassman, McEnire & Jarboe, L.L.C.
534 S. Kansas Avenue, Suite 1000
Topeka, Kansas 66603

*Attorneys for Appellees*

*/s/ Theodore J. Lickteig*_____